**John O. DENBO, Plaintiff–Counterclaim Defendant–Appellant,**

v.

**UNITED STATES of America, Defendant–Counterclaim Plaintiff–Appellee,**

v.

**Robert B. ALLRED, Counterclaim Defendant.**

No. 91–5185.

United States Court of Appeals, Tenth Circuit.

March 15, 1993.

---

William E. Farrior (Wm. Brad Heckenkemper with him, on the briefs) of Barrow Gaddis Griffith & Grimm, Tulsa, OK, for plaintiff-appellant, John O. Denbo.

Sara S. Holderness (Tony M. Graham, U.S. Atty., of counsel, James A. Bruton, Acting Asst. Atty. Gen., David English Carmack, and Susan Findling Fleig, Attys., on the briefs) of the Department of Justice, Tax Div., Washington, DC, for defendant-appellee, U.S.

Before ANDERSON, BARRETT, and TACHA, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff and Counterclaim Defendant/Appellant, John O. Denbo, appeals the district court's judgment following a jury

verdict finding him liable as a responsible person who willfully failed to pay over payroll withholding taxes under 26 U.S.C. § 6672.[1] For the reasons stated below, we affirm.

## FACTS

In 1984, Robert Allred incorporated the Louisiane Restaurant, Inc. in Tulsa, Oklahoma. Denbo and Allred each contributed initial capital of $250, and each owned 50% of Louisiane's stock. Allred was president of the corporation, conducted the day-to-day management of the business, and signed checks on the corporation's bank accounts. Denbo was a director of the corporation and was named its secretary-treasurer. He arranged the corporation's financing, often pledging his own assets as collateral.[2] Although Denbo was both an officer and director of Louisiane Restaurant, Inc., he did not receive compensation. He had signature authority on the bank accounts of the corporation, but he did not sign any checks on these accounts during the tax periods in question. Appellant's App. at 16 (Agreed Pretrial Order).

From its inception, the corporation was financially unsound, and throughout the four years of their mutual enterprise, Denbo and Allred met regularly to discuss solutions to the corporation's fiscal difficulties. At trial, Denbo acknowledged that beginning in September 1986, he was "aware of payroll tax delinquencies." Appellee's Supp.App. at 6. He also acknowledged his presence at a meeting held with an IRS officer in November 1987 to discuss the unpaid taxes. *Id.* at 7. Notwithstanding his knowledge of the corporation's tax delinquencies, Denbo failed to make sure that

the payroll taxes were being paid. Instead, he relied on the assurances of Allred and the accountants that the taxes were being taken care of, despite the fact that Allred's prior representations regarding the payment of earlier quarters' taxes had turned out to be false.

The IRS insisted on a payment plan for the payroll tax delinquencies to commence on January 3, 1989. Subsequently, Allred and Denbo parted ways. Allred sold to Denbo all but 10% of the corporation's shares which Allred owned and left the business. Denbo, then a 90% shareholder, sought to liquidate the business and pay off the mortgage lender. The assets of the corporation were transferred on April 8, 1989 to the Federal Deposit Insurance Corporation.

On May 28, 1990, the IRS assessed Denbo $107,226.72, plus interest, representing the 100% penalty under 26 U.S.C. § 6672 for willful failure to remit the withholding taxes owed by the corporation. After paying $100 of the assessment, Denbo commenced this action by filing a complaint against the United States for a refund. The government asserted a counterclaim against Denbo for the unpaid balance, as well as a counterclaim against Allred seeking the entire assessment. A default judgment was entered against Allred, and Denbo's case was tried to a jury.

At trial, Denbo contested both his status as a responsible person and the issue of willfulness. He requested a jury instruction defining "willfulness" to comport with the Supreme Court's definition of the term in the recent criminal tax case, *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). He further requested that the jury be instructed con-

---

1. Section 6672 provides, in pertinent part:

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. 26 U.S.C. § 6672.

2. At trial, Denbo testified that shortly after the Louisiane was incorporated, he obtained a

$100,000 signature loan on its behalf. Appellee's Supp.App. at 3–4. That loan was later refinanced in the amount of $155,000 and collateralized with the convenience store owned by Mr. Denbo. *Id.* at 4. A year later, Denbo arranged for a $275,000 refinancing with Century Bank and shortly thereafter borrowed another $65,000 on his own "in order to keep things going." *Id.* at 5–6. The corporation's indebtedness continued and, in August 1988, Denbo made personal loans of over $17,000. *Id.* at 10.

cerning the use of separate, or after-acquired, funds to pay corporate creditors. The district court refused both of these requests. The jury found Denbo liable as a responsible person who willfully failed to account for and pay over taxes due the United States.

On appeal, Denbo asserts that (1) there was insufficient evidence presented at trial for the jury to conclude that he was a person responsible for paying the withheld taxes or that he willfully failed to pay taxes; (2) the court erred in refusing to instruct the jury that willfulness under section 6672 requires the taxpayer to intentionally and voluntarily fail to perform a known legal duty; and (3) the court erred in failing to instruct the jury regarding the payment of creditors from after-acquired funds. We address each of these issues in turn.

## DISCUSSION

### A. *Responsible Person*

■ Denbo contends that the evidence was insufficient to support a jury verdict finding him liable as a responsible person under section 6672. Specifically, he asserts that it was Allred, not he, who had "exclusive authority over the financial affairs of the corporation," including writing all corporate checks, hiring and firing employees, writing all payroll checks, and reviewing and signing all payroll tax returns. Appellant's Brief at 10.

■ When determining the sufficiency of the evidence, we will overturn a jury's verdict only if we find that no reasonable jury could have reached such a verdict based on the evidence presented. *Acrey v. American Sheep Indus. Ass'n*, 981 F.2d 1569, 1575 (10th Cir.1992); *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 899 F.2d 951, 955 (10th Cir.), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990); *see also Continental Casualty Co. v. Southwestern Bell Tel. Co.*, 860 F.2d 970, 972 (10th Cir.1988) (Appellate review of a jury's verdict "focuses on whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence,

with the trial court's decision to stand absent a showing of a manifest abuse of discretion."), *cert. denied*, 489 U.S. 1079, 109 S.Ct. 1530, 103 L.Ed.2d 836 (1989).

■ Courts have generally given broad interpretation to the term "responsible person" under section 6672. *See Williams v. United States*, 931 F.2d 805, 810 (11th Cir. 1991). A person is responsible within the meaning of the statute if that person is required to collect, truthfully account for or pay over any taxes withheld from the wages of a company's employees. *Slodov v. United States*, 436 U.S. 238, 250, 98 S.Ct. 1778, 1786, 56 L.Ed.2d 251 (1978). The responsible person generally is, but need not be, a managing officer or employee, and there may be more than one responsible person. *Hartman v. United States*, 538 F.2d 1336, 1340 (8th Cir.1976). Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. *Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987); *see also Gephart v. United States*, 818 F.2d 469, 473 (6th Cir.1987). Among other things, therefore, a corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the "general management and fiscal decisionmaking of the corporation." *Kizzier v. United States*, 598 F.2d 1128, 1132 (8th Cir.1979).

The record provides evidence of Denbo's status as a responsible person within the meaning of section 6672. He made arrangements for several bank loans and also made personal loans to the corporation "in order to keep things going." Appellee's Supp.App. at 6. He held regular meetings with Allred and the accountants. And, while he did not exercise his authority to sign checks, he had such authority from the beginning. These undisputed facts, along with Denbo's 50% stock ownership and status as an officer and director of the corporation, demonstrate that he possessed "significant authority in the ... fiscal decisionmaking of the corporation." *Kizzier*, 598 F.2d at 1132.

Denbo correctly points out that it was Allred, not he, who controlled the day-to-day operations of the corporation and made decisions concerning the payment of creditors and disbursement of funds. However, while it is clear that Allred exercised *greater* control over the corporation than Denbo, "[s]ection 6672 does not confine liability for the unpaid taxes only to the single officer with the greatest or the closest control or authority over corporate affairs." *Gephart*, 818 F.2d at 476. It suffices that Denbo had "significant, as opposed to absolute, control of the corporation's finances." *Id.* at 473. He was responsible for infusing capital into the corporation, often pledging his own assets as collateral. His financial involvement in the corporation, along with his check-signing authority, gave him the effective power to see to it that the taxes were paid. *See Howard v. United States*, 711 F.2d 729, 734 (5th Cir. 1983) ("Authority to pay [in the context of section 6672] means *effective power* to pay.") (emphasis in original). We therefore hold that there was sufficient evidence from which the jury could find that Denbo was a person responsible for accounting for or paying over withholding taxes to the government.

#### B. *Willfulness*

 Denbo next challenges the jury's verdict on the issue of willfulness. In order for liability to attach under section 6672, not only must the individual against whom the assessment is made be a person responsible for accounting for and paying over withheld taxes, he also must have willfully failed to comply with the statute. *Hochstein v. United States*, 900 F.2d 543, 548–49 (2nd Cir.1990). Denbo asserts that even if he had the requisite responsibility or duty under the statute, his failure to discharge that duty was not willful. Appellant's Brief at 13.

 Willfulness, in the context of section 6672, means a "voluntary, conscious and intentional decision to prefer other creditors over the Government." *Burden v. United States*, 486 F.2d 302, 304 (10th Cir.1973), *cert. denied*, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1974).[3] Denbo concedes that he was aware that federal withholding taxes were not being paid to the government. He argues, however, that in failing to be "aggressive in his inquiries and investigations regarding the corporation's day-to-day operations, at most, his conduct amounts to negligence." Appellant's Brief at 13. Although negligence does not give rise to section 6672 liability, " '[t]he willfulness requirement is ... met if the responsible officer shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government...." ' " *Smith v. United States*, 894 F.2d 1549, 1554 n. 5 (11th Cir. 1990) (quoting *Thibodeau*, 828 F.2d at 1505). A responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement. *Mazo v. United States*, 591 F.2d 1151, 1154 (5th Cir.), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).

Here, the record supports the jury's finding that Denbo acted willfully in failing to pay employment taxes to the government. By September 1986, he became aware that the Louisiane Restaurant had not paid its payroll taxes. He was again reminded of the corporation's tax difficulties when he and Allred met with the IRS in November 1987. Nonetheless, Denbo relied on Allred's assurances that "they had everything worked out." Appellee's Supp.App. at 7. Denbo cannot escape liability by

---

**3.** This definition of willfulness has been adopted by every jurisdiction which has reached the issue. *See, e.g., Smith v. United States*, 894 F.2d 1549, 1553 (11th Cir.1990); *Thomsen v. United States*, 887 F.2d 12, 17 (1st Cir.1989); *Donelan Phelps & Co. v. United States*, 876 F.2d 1373, 1376 (8th Cir.1989); *Collins v. United States*, 848 F.2d 740, 742 (6th Cir.1988); *Wood v. United States*, 808 F.2d 411, 415 (5th Cir.1987); *Godfrey v. United States*, 748 F.2d 1568, 1576–77 (Fed. Cir.1984); *United States v. Pomponio*, 635 F.2d 293, 297–98 & n. 5 (4th Cir.1980); *Wall v. United States*, 592 F.2d 154, 163 (3d Cir.1979); *Teel v. United States*, 529 F.2d 903, 905 (9th Cir.1976); *Kalb v. United States*, 505 F.2d 506, 511 (2d Cir.1974), *cert. denied*, 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975).

claiming that he relied on the assurances of others. *See McDonald v. United States*, 939 F.2d 916, 919 (11th Cir.1991) (taxpayer held to be willful as a matter of law because he was aware of delinquent taxes yet acquiesced in corporation's continued payment to other creditors), *cert. denied*, —— U.S. ——, 112 S.Ct. 1669, 118 L.Ed.2d 389 (1992); *Smith*, 894 F.2d at 1554 (11th Cir. 1990) (taxpayer willful because he disregarded risks brought to his attention); *Gephart*, 818 F.2d at 475 (willfulness present if responsible person has knowledge of tax delinquency and knowingly fails to rectify it); *Hornsby v. Internal Revenue Service*, 588 F.2d 952, 953 (5th Cir.1979) ("A fiduciary cannot absolve himself merely by disregarding his duty and leaving it to someone else to discharge."); *Hartman*, 538 F.2d at 1344–45 (taxpayer's failure to see to it that withholding taxes were paid was willful despite his claim that his office as president was merely titular).

We hold that Denbo willfully failed to remit federal payroll taxes because he was aware that the corporation had defaulted in its payment of employment taxes but nevertheless disregarded a known risk by relying on the assurances of Allred instead of doing more.

## C. *Jury Instructions*

■ Next, Denbo claims that the court erred in refusing to submit two of his proposed instructions to the jury. Our review of challenged jury instructions requires us to determine, after examining the record as a whole, whether the instructions "correctly state the applicable law and provide the jury with ample understanding of the issues and standards of the case." *Lamon v. City of Shawnee, Kansas*, 972 F.2d 1145, 1153 (10th Cir.1992) (citations omitted). Reversal is mandated only if an error in the jury instructions "is determined to have been prejudicial, based on a review of the record as a whole." *Street v. Parham*, 929 F.2d 537, 539–40 (10th Cir.1991) (citations omitted).

■ Denbo first maintains that the district court "erred in failing to instruct the jury concerning the United States Supreme Court's definition of 'willfulness.'" Appellant's Brief at 17. He relies on *United States v. Cheek*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), a criminal tax case in which the Court held that a good-faith misunderstanding of the tax laws need not be objectively reasonable in order to negate willfulness under 26 U.S.C. §§ 7201, 7203. *Cheek*, 498 U.S. at 202, 111 S.Ct. at 611. Thus, willfulness under section 7201 requires the "'voluntary, intentional violation of a known legal duty.'" *Id.* at 202, 111 S.Ct. at 610 (quoting *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973)). In refusing Denbo's proposed instruction regarding willfulness, the district court noted that "we're talking about criminal intent in the one area [sections 7201 and 7203] and . . . civil liability in the other [section 6672]." Appellant's App. at 74. We agree.

In *Domanus v. United States*, 961 F.2d 1323 (7th Cir.1992), the court affirmed the lower court's refusal to redefine "willfulness" under section 6672 to comport with the definition used in *Cheek* for criminal tax proceedings. As the court noted in *Domanus*, every jurisdiction which has reached the issue has defined willfulness as the "'voluntary, conscious and intentional'" decision not to remit funds properly withheld to the United States. *Id.* at 1324–25 (quoting *Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970)); *see supra* note 5 (listing cases from circuits using the *Monday* definition of "willfulness"). Consistent with that definition, willfulness under section 6672 "does not require bad motive as in a criminal case." *Burden*, 486 F.2d at 304. Rather, the willfulness requirement is satisfied in the civil context if a responsible person "acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes." *Hartman*, 538 F.2d at 1341. As indicated above, these requirements can be satisfied by a showing of recklessness. *See Smith*, 894 F.2d at 1554 n. 5.

We agree with the *Domanus* court that there is "no legal basis [for altering] the

definition of 'willfulness' set forth in *Monday*" and employed by all other jurisdictions. *Domanus*, 961 F.2d at 1326. Accordingly, we hold that the court did not err in refusing to submit a *Cheek* instruction of willfulness to the jury.

Denbo also assigns error to the district court's refusal to submit to the jury an instruction regarding his payment of the corporation's creditor's with after-acquired funds.[4] Denbo urges us to apply the Supreme Court's reasoning in *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978), to the facts of his case. In *Slodov*, the Court held that, if new management of a corporation assumes control when a delinquency for trust fund taxes already exists and the withheld taxes have already been dissipated by prior management, the new management's use of after-acquired revenues to satisfy creditors other than the United States does not make it personally liable for a section 6672 penalty. *Slodov*, 436 U.S. at 259–60, 98 S.Ct. at 1791. The Court found the tax code's language and the legislative history inconsistent with a penalty theory that imposed "liability without personal fault." *Id.* at 254, 98 S.Ct. at 1788. After-acquired funds, the Court continued, were not automatically impressed with a trust for the benefit of the government. *Id.* Rather, some "nexus between the funds collected and trust created" must be established. *Id.* at 256, 98 S.Ct. at 1789.

*Slodov* is distinguishable from this case. The *Slodov* Court limited its holding to cases involving the accession of new management:

> When the same individual or individuals who caused the delinquency in any tax quarter are also the "responsible persons" at the time the Government's ef-

forts to collect from the [corporate] employer have failed, and it seeks recourse against the "responsible employees," there is no question that § 6672 is applicable to them.

*Slodov*, 436 U.S. at 245–46, 98 S.Ct. at 1784 (citation omitted).

Here, Denbo was not "new management" as was the taxpayer in *Slodov*. Rather, he was a responsible person from the corporation's inception and, as such, his actions or inactions caused the Louisiane Restaurant not to pay over the withheld taxes as required by law. Because Denbo was responsible both at the time taxes went unpaid and at the time the government sought to collect them under section 6672, he is excluded from the ambit of *Slodov* and "there is no question that section 6672 is applicable to [him]." *Id.* at 246, 98 S.Ct. at 1784. Therefore, the district court correctly refused Denbo's instruction regarding non-liability for paying creditors with after-acquired funds.

## CONCLUSION

We recognize that the consequence of imposing section 6672 liability on taxpayers is often harsh. Nonetheless, we are bound to follow the law. The record in this case supports the jury's finding that Denbo was a responsible person who willfully failed to remit unpaid taxes to the government. Further, the district court's instructions stated the law correctly and provided the jury with an adequate understanding of the standards by which to evaluate the issues of this case.

AFFIRMED.

---

**4.** The proposed instruction, relying on an exception to section 6672 liability carved out in *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978), read as follows:

> Corporate v. Personal Funds
> If you find that Mr. Denbo decided to use or permit the use of corporate funds to pay corporate suppliers, employees' net salaries, rent, or other creditors, other than the United States, then you must find that Mr. Denbo acted willfully in failing to see that the with-

held taxes were paid to the Government. However, there is no duty on a responsible person to use personal funds or even to liquidate corporate assets to satisfy the tax obligations. Penalties cannot be imposed based on the payment of corporate creditors with cash acquired after the failure to pay withholdings, if the responsible person did not play a willful role in that failure.

Appellant's App. at 43 (citing *Slodov*, 436 U.S. at 254, 98 S.Ct. at 1788).