

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-1994

# United States of America v. Carrigan, et al.

Precedential or Non-Precedential:

Docket 93-5687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"United States of America v. Carrigan, et al." (1994). *1994 Decisions.* Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 93-5687

_____


UNITED STATES OF AMERICA

v.

ROBERT P. CARRIGAN, DAVID L. FENDRICK
AND EDWARD M. SULLIVAN


EDWARD M. SULLIVAN, Appellant


_____


On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 92-cv-4443

_____


Argued May 5, 1994

Before: SLOVITER, Chief Judge,
HUTCHINSON, Circuit Judge, and
DIAMOND, District Judge*

(Filed July 18, 1994)

_____


*Hon. Gustave Diamond, United States District Judge for the
Western District of Pennsylvania, sitting by designation.

Gary R. Allen, Esquire
Jonathan S. Cohen, Esquire
Marion E.M. Erickson, Esquire (Argued)
United States Department of Justice
Tax Division
P.O. Box 502
Washington, D.C.  20044
(Attorneys for Appellee)

Robert H. Louis, Esquire
Howard M. Soloman, Esquire (Argued)
Abrahams, Loewenstein, Bushman & Kauffman
1650 Market Street
3100 One Liberty Place
Philadelphia, PA  19103
(Attorneys for Appellant)

---

OPINION OF THE COURT

---

DIAMOND, <u>District Judge</u>

Edward M. Sullivan ("Sullivan") appeals an order of the United States District Court for the District of New Jersey granting summary judgment in favor of the United States and denying his motion for summary judgment.  Specifically, the district court upheld the Internal Revenue Service's ("IRS") assessment of a 100% penalty against Sullivan pursuant to §6672 of the Internal Revenue Code on grounds that he was a responsible person who willfully failed to pay over federal employment taxes. Because we believe that the record before us does not establish Sullivan's liability as a matter of law, we will reverse and remand for a trial on the merits.

2

## I. Background Facts[0]

In September 1984, Sullivan began working as president of Pat's International, Ltd. ("Pat's"), a company which operated fast food restaurants specializing in Philadelphia-style cheesesteaks. Sullivan was hired by Robert P. Carrigan ("Carrigan"), chairman of the board of directors and chief executive officer of Pat's. Pursuant to his designation as president, Sullivan was responsible for (1) assisting Carrigan in raising capital for Pat's by meeting with potential investors; (2) managing restaurant operations; and (3) locating new restaurant sites. Sullivan also was authorized to sign checks drawn from the company's payroll and general operating accounts.

In February or March 1985, Sullivan first became aware that Pat's was not current in its payment of quarterly employment taxes to the United States.[0] During this same time period, Sullivan loaned Pat's $20,000.00, at the request of Carrigan, so that it could pay its creditors, including the IRS. Sullivan took no steps, however, to ensure that the $20,000.00 was applied to the tax liability, even though he knew that other creditors were being paid ahead of the United States. Sullivan was removed

---

[0]These facts are drawn exclusively from the parties' joint pretrial admissions and stipulations submitted to the district court.

[0]The record also demonstrates that during his tenure as president of Pat's, Sullivan was aware that an employer has a duty to withhold and pay over to the United States the federal employment taxes of its employees. Sullivan also was aware that those individuals responsible for the collection and payment of employment taxes, who failed to do so, could be held personally liable for the amount of the employment taxes not paid to the United States.

as president of Pat's in August 1985, and left the company the following month.

In April 1989, the IRS made an assessment against Sullivan in the amount of $83,060.78 pursuant to 26 U.S.C.A. §6672.[0]  The IRS charged that Sullivan willfully failed to account for and pay over to the United States federal employment taxes withheld from the wages of Pat's employees during the three quarters ending March 31, 1985, June 30, 1985, and September 30, 1985.[0]

In October 1992, the United States filed a complaint in the district court seeking to reduce to judgment the assessments that had been made against Sullivan, Carrigan, and Fendrick

---

[0]This section provides in pertinent part:

> §6672. Failure to Collect and Pay Over Tax, Attempt to Evade or Defeat Tax.
>
> (a) General Rule.  Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C.A. §6672.
[0]At the same time, the IRS made assessments in the amount of $204,820.33 against Carrigan and $102,661.00 against David Fendrick ("Fendrick"), chief financial officer of Pat's, for the four quarters ending March 30, 1985, through December 31, 1985.

pursuant to §6672.[0] Thereafter, Sullivan filed an answer seeking dismissal of the complaint against him for failure to state a claim upon which relief could be granted, and also filed a counterclaim seeking a refund of $100.00 paid on account of the penalty assessed against him.[0] Upon consideration of cross-motions for summary judgment, the district court found that "[a]lthough Sullivan may not have always had the 'final' say about paying creditors, in the apocalyptic sense of the word," he was a responsible person under §6672 because (1) he had signature authority on the payroll and general operating accounts, which he exercised at least once in making a tax payment to the IRS; (2) he was president of Pat's; (3) he devoted significant time to raising capital for the company; and (4) he loaned the company $20,000.00 to pay creditors. Further, the district court found that Sullivan willfully failed to pay over the withholding taxes because he was aware of the unpaid tax liability and that other creditors were being paid ahead of the IRS, yet failed to exercise his authority to ensure that the taxes were paid, either with the $20,000.00 that he personally loaned to Pat's or from the existing balances in the company's accounts on which he had signature authority.[0]

---

[0]Carrigan and Fendrick failed to plead or otherwise defend, and defaults were entered against them in this action on May 14, 1993. They are not parties to this appeal.

[0]In February 1992, Sullivan paid $100.00 of the assessment made against him, and simultaneously filed a claim for refund and a request for abatement of the entire assessment. The refund claim was denied by the IRS on May 8, 1992.

[0]During the period that Sullivan was president and knew that the employment taxes were not being paid, there was a positive balance in the payroll account of no more than $9,856.61 and a

5

The district court had jurisdiction over the parties' claims by virtue of 28 U.S.C.A. §§1340, 1345, and 1355 and 26 U.S.C.A. §§7401 and 7402. We have jurisdiction over the appeal pursuant to 28 U.S.C.A. §1291.

In reviewing the district court's grant of summary judgment we exercise plenary review and employ the same standard applicable in the district court. Davis v. Portline Transportes Maritime, 16 F.3d 532, 536 (3d Cir. 1994). We must consider all of the facts and inferences in the light most favorable to the nonmoving party. The moving party can prevail in its motion for summary judgment only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Peters v. Delaware River Port Authority, 16 F.3d 1346, 1349 (3d Cir. 1994).

## II. Discussion

The question of Sullivan's liability under §6672 presents two issues: whether Sullivan is a responsible person and whether he willfully failed to collect, truthfully account for or pay over federal employment taxes. As we have extensively discussed the standards for addressing these two issues before, we will only summarize their salient points. We will first address the responsible person issue.

### A.

---

positive balance in the general operating account of no more than $132,770.43.

6

A person responsible under §6672 is a person required to collect, truthfully account for or pay over any tax due to the United States. Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992). "Responsibility is a matter of status, duty, or authority, not knowledge." Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3d Cir. 1990). A responsible person need not have exclusive control over the company's finances, he need only have significant control. United States v. Vespe, 868 F.2d 1328, 1332 (3d Cir. 1989). "A person has significant control if he has the final or significant word over which bills or creditors get paid." Quattrone, 895 F.2d at 927. In determining whether an individual is a responsible person, courts also consider other factors. These include: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the taxpayer's signature on the employer's federal employment or other tax returns; (4) the identity of the officers, directors and shareholders of the corporation; (5) the identity of the individuals who hired and fired employees; and (6) the identity of the individual(s) who were in charge of the financial affairs of the corporation. Brounstein, 979 F.2d at 954-55.

Applying the foregoing principles to the present case, we find that there is a genuine issue of material fact concerning whether Sullivan had "significant control" over Pat's financial affairs. Although the undisputed evidence in this record establishes that Sullivan functioned as the president of Pat's, exercised his signature authority on one occasion to sign a

7

corporate check which was applied to Pat's tax liabilities, and devoted a significant amount of his time to raising capital for the company, the undisputed evidence also indicates that Sullivan's control over Pat's financial affairs was significantly circumscribed by Carrigan and Fendrick. As the district court stated in its opinion:

> It is undisputed that Sullivan did not have exclusive control over the management of Pat's. Both parties agree that defendants Carrigan and Fendrick were responsible persons who willfully failed to collect and pay Pat's withholding taxes. Defendant Carrigan was responsible for handling financial affairs. Defendant David Fendrick, Chief Financial Officer, maintained all of Pat's books, records, and bank accounts. Defendants Carrigan and Fendrick handled all creditors' inquiries and bills. Defendant Fendrick prepared and filed all federal income and employment tax returns. Defendant Fendrick also directed all negotiations with the IRS regarding the unpaid tax liabilities. Sullivan did not participate in any meetings with the IRS.
>
> Additionally, Sullivan did not own stock in Pat's, he never signed Pat's tax returns, he never negotiated with creditors on behalf of Pat's, and he had no independent authority to hire or fire employees without the consent of defendant Carrigan.
>
> Sullivan was authorized to sign checks on behalf of Pat's with respect to the payroll account and the general operating account. However, the corporate books, records and checkbooks were locked in an office, and Sullivan did not have his own key. He signed only one check on behalf of the company. In July 1985, Sullivan signed a corporate check in the amount of $9,451.61 which was applied to Pat's outstanding tax liabilities for the third quarter of 1985.

8

In light of the foregoing facts that Sullivan was not responsible for handling the financial affairs of the company, did not prepare, maintain, or have access to any of the corporate books, records or checkbooks, did not prepare or sign any corporate tax returns, and did not handle any creditors' bills or inquiries nor negotiate with any creditor on behalf of Pat's, it cannot be said as a matter of law that he had significant control of the company's financial affairs. Based on all the evidence of record, we hold that a reasonable jury could find that Sullivan was not a responsible person. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). We conclude, therefore, that the district court erred in granting summary judgment in favor of the United States on this issue.

## B.

We next consider whether Sullivan willfully failed to truthfully account for and pay over the taxes due. The term willfulness has been interpreted broadly to encompass a range of actions by responsible persons. Generally, willfulness is a "voluntary, conscious and intentional decision to prefer other creditors over the Government." Quattrone, 895 F.2d at 928. In this regard, "a responsible person acts willfully if he pays other creditors in preference to the IRS knowing that taxes are due." Id. A responsible person also acts willfully if he demonstrates a reckless disregard for whether taxes have been paid. Vespe, 868 F.2d at 1335. The "reckless disregard" standard is met if the taxpayer "'(1) clearly ought to have known

9

that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily.'"  Id. (quoting Wright v. United States, 809 F.2d 425, 427 (7th Cir. 1987)).

Applying these principles to the instant case, we find that there is a genuine issue of material fact concerning whether Sullivan willfully failed to pay over the taxes due.  Although the record establishes that Sullivan lent the company $20,000.00 to pay its creditors, including the IRS, but took no other steps to direct that the tax liability be paid, the record also establishes that the one check that Sullivan did sign as president of Pat's, a check for $9,451.61, was paid to the IRS.

Additionally, the record before us is not clear concerning whether the check to the IRS came from the funds lent by Sullivan or from some other source.  The record is equally unclear about how much tax was due when Sullivan signed the check to the IRS.  Likewise, the record does not indicate what knowledge Sullivan had concerning Pat's tax liability when he made the $20,000.00 loan.  Given his admittedly limited access to the company's tax and other financial records, Sullivan may not have acted with reckless disregard of whether the taxes were being paid when he took no steps to direct that the $20,000.00 be applied exclusively to Pat's tax liability.  In light of all the evidence, we believe that a reasonable jury could find that Sullivan did not willfully fail to pay over the taxes due.  We conclude, therefore, that the district court erred in granting summary judgment in favor of the United States on this issue.

10

III.  Conclusion

For the foregoing reasons, the judgment of the district court granting summary judgment for the United States will be reversed and the case will be remanded for further proceedings consistent with this opinion.[0]

---

[0]Sullivan also has appealed the denial of his motion for summary judgment.  Because we have determined that there is a genuine issue of material fact regarding Sullivan's liability under §6672, we hold that the district court did not err in denying his motion for summary judgment.

11