David A. STETTLER and LaDean Stettler, Plaintiffs,

v.

UNITED STATES of America, Defendant and Counterclaim Plaintiff,

v.

David A. STETTLER; Lane S. Howell; and John T. Dunlop, Counterclaim Defendants.

No. 94–NC–0136–S.

United States District Court, D. Utah, Northern Division.

Nov. 15, 1996.

W. Kevin Jackson, Salt Lake City, UT, for Plaintiffs.

Scott M. Matheson, Jr., U.S.Atty., Salt Lake City, UT, William F. Golgin, Jr., Kirk C. Lusty, Washington, DC, Douglas J. Parry, James K. Tracy, Parry Lawrence & Ward, Salt Lake City, UT, for Defendants.

## MEMORANDUM DECISION

SAM, Chief Judge.

### I. INTRODUCTION

Before the court are cross motions for summary judgment. By its motion counterclaim plaintiff United States of America seeks judgment against counterclaim defendant Lane S. Howell ("Howell") in the amount of $38,996.71, plus interest, for the unpaid trust fund recovery penalty assessed against Howell arising under section 6672 of the Internal Revenue Code, 26 U.S.C. § 6672, for his willful failure to collect, truthfully account for and pay over the withheld income and FICA taxes of Northern Outfitters, Inc. ("Northern") for the fourth quarter of 1990. Howell, by his motion, seeks judgment that he is not liable as asserted by the United States, recovery of penalties paid by him and release of tax liens filed against the residence of his wife.

## II. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] *E.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed.1983).

When summary judgment is sought, the movant bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. In a case where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is an absence of evidence in the record to support the nonmovant's case.[2] *Id.,* 477 U.S. at 323. "[T]here can be no issue as to any material fact ... [when] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324.

If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict ....

*Liberty Lobby,* 477 U.S. at 252. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Id.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

## III. DISCUSSION

It is uncontroverted that during the fourth quarter of 1990, Northern failed to withhold FICA contributions and federal income taxes from its employees' wages and/or to remit

---

1. Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

2. In his dissent in *Celotex,* Justice Brennan discussed the mechanics for discharging the initial burden of production when the moving party seeks summary judgment on the ground the non-moving party—who will bear the burden of persuasion at trial—has no evidence:

Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. Such a 'burden' of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for

harassment. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

477 U.S. at 323 (citations omitted).

the same to the Internal Revenue Service ("IRS"). Section 6672 of the Internal Revenue Code provides that when a person required to collect, account for, and pay over withholding taxes willfully fails to do so, he is personally liable for a penalty equal to the amount of the unpaid taxes. Section 6672 imposes liability on an individual if two requirements are met: (1) the person must be a "responsible person" and (2) the person must act "willfully" in not paying over the taxes. *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir.1993); *Burden v. United States*, 486 F.2d 302, 304 (10th Cir.1973), *cert. denied*, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1974). On February 9, 1994, a delegate of the Secretary of the Treasurer made an assessment against Howell of the liability arising under § 6672 of the Internal Revenue Code in the amount of $38,996.71 for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Northern for the fourth quarter of 1990.

*Assessment*

■ Howell claims that the IRS failed to follow proper assessment procedures as required by Internal Revenue Code sections 6203, 6303 and Treasury Regulation 302.6203–1 and, thus, no valid assessment was made against him.

Section 6303 of the Internal Revenue Code, 26 U.S.C. § 6303, governing notice and demand for unpaid taxes applies to administrative proceedings for collection of taxes and does not preclude a civil action to collect unpaid taxes. *United States v. McCallum*, 970 F.2d 66 (5th Cir.1992). The action before the court is civil in nature.

Section 6203 of the Internal Revenue Code, 26 U.S.C.A. § 6203, provides as follows:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary [of the Treasurer] in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

The Treasury regulations further elaborate:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment . . . . The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

26 C.F.R. § 301.6203–1.

Howell appears to complain that the Form 4340 Certificate of Assessments and Payments was not timely provided pursuant to a § 6203 request until he filed his motion for summary judgment and that the information provided him by the IRS pursuant to a Freedom of Information Act request was inadequate to establish a valid assessment. However, Howell has presented no viable evidence that he made a § 6203 request nor that the IRS failed to comply. He, therefore, has failed to carry his burden of proof on the issue. The record before the court reflects that the IRS provided Howell with a Summary of Record of Assessments dated February 9, 1994, and a Form 4340, Certificate of Assessments and Payments for Lane S. Howell dated May 29, 1996. "The notice required by the Regulations mandates that the supporting documents identify the taxpayer, establish the nature of the tax liabilities, the period of those liabilities, the date of assessment, and the amount to be assessed. *See* 26 C.F.R. § 301.6203–1." *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir.1992). The Regulations do not require the information be in any exact or specific form. *Id.* It appears to the court that the Form 4340, Certificate of Assessments and Payments provides the information required by I.R.C. § 6203 and Treas. Reg. § 301.6203–1. "Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessment that have been made." *Id.*

**1368**

*Responsible person*

■ The corporate officer or employee is responsible "if he or she has significant, though not necessarily exclusive, authority in the 'general management and fiscal decision of the corporation.'" *Denbo v. United States,* 988 F.2d 1029, 1032 (10th Cir.1993)(quoting *Kizzier v. United States,* 598 F.2d 1128, 1132 (8th Cir.1979); *Muck v. United States,* 3 F.3d 1378, 1381 (10th Cir. 1993).) "Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees." *Denbo,* 988 F.2d at 1032; *Jay v. United States,* 865 F.2d 1175, 1179 (10th Cir.1989). A person in control of a corporation is under a duty to pay over the unpaid withholding taxes along with the return showing the taxes due. 26 U.S.C. § 6151(a); *Brown v. United States,* 591 F.2d 1136, 1140 (5th Cir.1979). A person who fails to do so is the responsible person for the purposes of a trust fund recovery penalty assessed under § 6672. *Id.*

■ Howell was employed by Bonnevest, Inc. ("Bonnevest") as a consultant during the period of January 1990 through February 1992. Bonnevest was a related company to Northern. Howell also was president of Northern from February through May of 1990. He was a director of Northern from the spring of 1990 until February 1992. At some point in mid January, 1991, Howell resumed his position as president of Northern and continued in that position until February of 1992. When Howell resumed his position as president in January of 1991, he was aware of Northern's unpaid taxes and exercised some control over the financial affairs of Northern including the authority to direct the funds of Northern, although he states that he did not participate in the day to day activities of Northern. Northern filed its Form 941 for the third quarter of 1991 when due on January 31, 1991, but without payment. Northern continued to pay other creditors. During the month of January 1991, a total of $93,000 was deposited in Northern's payroll account.

Howell asserts that he had no authority, association or control over the business operations of Northern during the period of June through December 1990 and into January 1991, including no responsibility for or control over Northern's bank accounts. He acknowledges that from mid to late January 1991 he assumed the title of president of Northern to assist in evaluating the necessity of filing a petition in bankruptcy, but that existing management continued to operate the business.

However, the record reflects and Howell admits, that from approximately mid January 1991 until February 1992, he again served as president of Northern, that he was a director of Northern, and that he had some financial control over the financial affairs of Northern, including the ability to hire and fire employees, access to the books and records, and the authority to direct disbursements of funds. He provided guidance as to which creditors to pay and which creditors not to pay. He specifically acknowledges that, when he again became acting president in mid January 1991, he had authority to make sure that Northern's taxes were paid. The court, therefore, concludes that Howell was a responsible person on January 31, 1991 when the 1990 fourth quarter return was filed without payment. "That [Howell] was not a responsible person at the time that the portion of the liability accrued does not relieve him from responsibility for paying over the tax when it became due." *Saderup v. United States,* 1980 WL 1600, 80–2 USTC P 9526 (D.Utah 1980); *Brown v. United States,* 591 F.2d 1136 (5th Cir.1979).

*Willfulness*

■ Willfulness within the meaning of § 6672 is shown by a "'voluntary, conscious and intentional decision to prefer other creditors over the government'" *Denbo* 988 F.2d at 1033, quoting *Burden,* 486 F.2d at 304. *See also Smith v. United States,* 894 F.2d 1549, 1553 (11th Cir.1990)("[t]he willfulness requirement of section 6672 is satisfied if there is evidence that the responsible officer had knowledge of payments to other creditors after he was aware of the failure to remit withholding taxes"). "Proof of willfulness does not require proof of bad motive .... It is the burden of the responsible person to show that he did not willfully fail to remit taxes." *Muck,* 3 F.3d at 1381.

Howell acknowledges that, when he resumed the presidency of Northern in mid January, 1991, he was aware that taxes for the fourth quarter of 1990 were unpaid. He admits that he "directed Bret Woods of Northern's management to set up a payment plan with the IRS, and to insure that all current payroll taxes were remitted promptly." Affidavit of Lane S. Howell, ¶ 13. Howell also acknowledges that the 1990 fourth quarter taxes were not paid in full, while other creditors received payment. In short, the record reflects that Howell knew of the unpaid tax liability yet allowed Northern to continue operations and that he directed payment to suppliers and other creditors, thus, avoiding payment of taxes due on January 31, 1991. Therefore, the court concludes that Howell acted wilfully for purposes of § 6672.

## IV. CONCLUSION

For the foregoing reasons, the court finds that Howell was a responsible person who wilfully failed to collect, truthfully account for, or pay over the taxes withheld from the employees of Northern for the quarter ending December 31, 1990. Accordingly, the United States' motion for summary judgment is GRANTED. Howell's motion for summary judgment is DENIED.