**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LINDSEY,

Defendant - Appellant,

and

JACK R. WESTERN; PACIENCIA
WESTERN; DAVIS COUNTY;
BOATMEN'S NATIONAL
MORTGAGE; FIRST SECURITY
BANK OF UTAH,

Defendants.

No. 00-4096
(D.C. No. 97-CV-35)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Steven Lindsey appeals from an order denying his motion for judgment as a matter of law, made pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. The motion was made after a jury found Mr. Lindsey personally liable under 26 U.S.C. § 6672 for the unpaid trust-fund portions of one of his company's federal employment taxes. Our jurisdiction is proper under 28 U.S.C. § 1291. Because we conclude that authority to sign corporate checks is not a necessary predicate to assessing personal liability under § 6672, we hold that the district court properly denied the motion.

## I. Relevant facts

In summarizing the facts, we view the evidence and inferences to be drawn therefrom in a light most favorable to the United States, the prevailing party at trial. *See Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1186 (10th Cir. 1999). Mr. Lindsey was a founder and 50% shareholder of Transport Financial Services, Inc. ("TFS"), which leased truck drivers solely to Clearwater Trucking Company, also owned by Mr. Lindsey and his partner. Before TFS was created, all the truck drivers who became TFS employees were Clearwater employees.

-2-

TFS operated rent-free out of Clearwater's facilities and had no financial obligations other than payroll and federal employment taxes. Mr. Lindsey was president of Clearwater, and authorized all employee lease payments to TFS, which were made through the two companies' common bookkeeper. By having total control over how much money Clearwater would pay to TFS, Mr. Lindsey had substantial financial control over TFS. He also authorized and decided whether federal employment tax deposits would be made into the trust account. In addition, Mr. Lindsey acted as vice-president and director of TFS for at least six months.

Although Mr. Lindsey had authority to sign checks on the Clearwater corporate account, he did not have authority to sign checks on the TFS account. During the period of time at issue, however, Mr. Lindsey always knew if federal employee taxes were being withheld and deposited in TFS's trust account for payment to the government. Clearwater had financial trouble in 1991 and 1992. On Mr. Lindsey's authority, it favored other creditors and stopped paying TFS the full amount necessary to pay both the truck drivers' wages and the employment taxes. Thereafter, TFS failed to remit its federal employee taxes for five out of six quarters from December 1991 through June 1993.

After a three-day jury trial, the jury determined on this evidence that "Mr. Lindsey was a responsible party who had willfully failed to remit

withholding taxes owed by [TFS]." Aplt's App. at 86. In his motion for judgment as a matter of law, Mr. Lindsey argued that because he did not have authority to write checks on TFS's bank account, the jury was precluded from finding both that he was responsible for paying the employment taxes and that he failed to do so willfully. The district court denied the motion.

## II. Discussion

"We review the denial of judgment as a matter of law de novo and apply the same standard as the district court–that is, whether the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1293 (10th Cir. 2002) (quotation omitted). We review the district court's legal conclusions de novo. *See Taylor v. IRS*, 69 F.3d 411, 415 (10th Cir. 1995) (holding that the ultimate determination of whether an individual is a "responsible person" within the meaning of 26 U.S.C. § 6672 involves an application of law to fact subject to de novo review on appeal to district court from bankruptcy court); *Bradshaw v. United States*, 83 F.3d 1175, 1178 (10th Cir. 1995) (applying *Taylor* standard to review of district court judgment).

Mr. Lindsey's personal liability for the delinquent federal employment taxes is grounded on § 6672(a), which provides, in pertinent part:

> Any person required to collect, truthfully account for, and pay over
> any tax imposed by this title who willfully fails to collect such tax, or

truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Mr. Lindsey raises a single issue on appeal: is check-signing authority on a corporate account a necessary predicate for demonstrating both personal responsibility and willfulness under this statute? We conclude that our circuit precedent dictates a negative answer. We start with the principle that "[c]ourts have generally given broad interpretation to the term 'responsible person' under section 6672," *Denbo v. United States*, 988 F.2d 1029, 1032 (10th Cir. 1993), recognizing the "importance of construing § 6672 in a manner to protect government revenue," *Finley v. United States*, 123 F.3d 1342, 1346 (10th Cir. 1997). This court has held that

> [a] person is responsible within the meaning of [§ 6672] if that person is required to collect, truthfully account for or pay over any taxes withheld from the wages of a company's employees. The responsible person generally is, but need not be, a managing officer or employee, and there may be more than one responsible person. Indicia of responsibility include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. Among other things, therefore, a corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the general management and fiscal decisionmaking of the corporation.

*Denbo*, 988 F.2d at 1032 (quotation and citations omitted). Further,

> [w]illfulness, in the context of section 6672, means a voluntary, conscious and intentional decision to prefer other creditors over the Government. . . . A responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement.

*Id.* at 1033 (quotations and citations omitted). In making the responsible-person determination under § 6672, "[t]he crucial inquiry is whether the person had the 'effective power' to pay the taxes–that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed." *Taylor*, 69 F.3d at 416 (quoting *Barnett v. IRS*, 988 F.2d 1449, 1454 (5th Cir. 1993)).

In *Taylor*, we stated that the list of factors set forth in *Denbo* is "non-exclusive," *id.*, and we considered check-writing authority as "*another* indicia of responsibility in the total calculus of whether [an individual] constituted a 'responsible person' under § 6672." *Id.* at 416 n.4 (emphasis added). We held that a corporate officer may be a responsible person "regardless whether it was his specific job within the corporate structure to see that the taxes were paid over to the government," *id.* at 417, thus establishing that it is not necessary for the officer himself to write the check for payment of the taxes or to make the trust deposit, as long as the individual has significant authority and control over the corporation's finances. *See also Denbo*, 988 F.2d at 1033 (holding that individual was responsible person because he had "significant, as

opposed to absolute, control of the corporation's finances") (quotation omitted); *Barnett*, 988 F.2d at 1455 (noting the list of factors to be considered in determining the extent of an individual's authority over a corporation's financial affairs, including authority to sign checks, and stating that, "[n]o single factor is dispositive").

We likewise have held that willfulness under § 6672 is determined by examining "*all* the relevant evidence in a particular case," to decide whether a responsible person has made reasonable efforts to protect employee-tax trust funds and whether those efforts were frustrated by circumstances outside the individual's control. *Finley*, 123 F.3d at 1348 (emphasis in original). We thus conclude that the district court did not err in denying Mr. Lindsey's motion for judgment as a matter of law.

The cases cited by Mr. Lindsey are not incongruent with our holding. Mr. Lindsey misrepresents the holding of *United States v. Carrigan*, 31 F.3d 130 (3d Cir. 1994). Contrary to his statement that the *Carrigan* court noted that inability to draw a corporate check "*alone* could justify a finding of non-responsibility" under § 6672, Aplt. Br. at 9 (emphasis added), the court held that the existence of many facts weighed in favor of a finding of no responsibility, and that, "[b]ased on *all* the evidence of record . . . a reasonable jury could find that [the individual] was not a responsible person," thus foreclosing summary

judgment on the issue. 31 F.3d at 134. In *Vinick v. United States*, the court emphasized that "[n]o single factor is determinative of responsibility" under § 6672, and that the court "must look at the totality of the circumstances when making the determination of responsibility." 205 F.3d 1, 7 (1st Cir. 2000). As to check-writing authority, the *Vinick* court stated that "authority to sign checks, without more, is a weak pillar on which to rest a liability determination," and that "the court must look at the check-signing authority in the context of financial control." *Id.* at 10 (quotation omitted).

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

-8-