3 F.3d 1378
 72 A.F.T.R.2d 93-5919, 93-2 USTC P 50,592,
Unempl.Ins.Rep. (CCH) P 17557A
 Ronald P. MUCK, Plaintiff-Counter-Defendant-Appellant,
v.
UNITED STATES of America, Defendant-Counter-Claimant-Appellee,
v.
Duane KISKADDEN, Counter-Defendant.
 No. 92-1271.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 27, 1993.
Rehearing Denied Oct. 5, 1993.
 
 Richard P. Slivka, Patrick D. Vellone, and Anne M. Fealey of Vinton, Waller, Slivka & Panasci, Denver, CO, for plaintiff-counter-defendant-appellant.
 James A. Bruton, Acting Asst. Atty. Gen., Gilbert S. Rothenberg and Sarah Knutson, Attorneys, Tax Div., Dept. of Justice, Washington, DC, and Michael J. Norton, U.S. Atty., of counsel, for defendant-counter-claimant-appellee.
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Ronald P. Muck appeals the district court's grant of summary judgment in favor of the United States regarding his tax liability under 26 U.S.C. Sec. 6672, 791 F.Supp. 817. Because we agree with the district court that plaintiff was at all relevant times a "responsible person" under the statute, and that he willfully failed to pay over employee withholding taxes, we affirm.
 
 
 3
 Plaintiff was the president and sole shareholder of Graystone Castle, Ltd., a Colorado corporation formed to operate a hotel in Thornton, Colorado. Graystone failed to remit employee withholding taxes to the IRS for the fourth quarter of 1988 and the first and second quarters of 1989. After receiving a notice of intent to levy from the IRS, plaintiff paid to the IRS $589 (an amount equal to one employee's withholding tax for one quarter) and brought an action for refund under 26 U.S.C. Sec. 7422. The IRS counterclaimed, seeking to recover 100% of the unpaid taxes, plus the appropriate penalty and interest.
 
 
 4
 In granting summary judgment, the district court dismissed plaintiff's action for refund, and entered judgment for the IRS in the amount of approximately $95,000 plus interest. In so doing, the court found that plaintiff "had control over the corporation's financial affairs sufficient to render him a person responsible for collection and payment of wage withholding taxes." Appellant's App. at 319. The court further found the requisite willfulness because "[a]t a time when he had knowledge that the taxes were delinquent, as well as that the corporation was making payments to other creditors, [plaintiff] nevertheless failed to pay the taxes." Id.
 
 Section 6672 provides, in pertinent part:
 
 5
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
 
 
 6
 26 U.S.C. Sec. 6672(a).
 
 
 7
 The Sec. 6672 penalty may be assessed against (1) any responsible person (2) who has willfully failed to collect, account for, or pay over federal employment taxes. Kizzier v. United States, 598 F.2d 1128, 1132 (8th Cir.1979); see also Burden v. United States, 486 F.2d 302, 304 (10th Cir.1973), cert. denied, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1974). On appeal, plaintiff argues that he is not a responsible person and that he did not willfully fail to pay over the taxes.
 
 
 8
 We review summary judgment determinations de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c) and examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." Id. While we view the record in the light most favorable to the nonmoving party, the party opposing summary judgment "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id.
 
 
 9
 Plaintiff argues that, because the day-to-day operations of Graystone were performed by a business manager who made the decisions about disbursal of funds, plaintiff is not a responsible party for purposes of the statute. This court has recently addressed the issue of responsible person status under Sec. 6672 and has held that "a corporate officer or employee is responsible if he or she has significant, though not necessarily exclusive, authority in the 'general management and fiscal decisionmaking of the corporation.' " Denbo v. United States, 988 F.2d 1029, 1032 (10th Cir.1993) (quoting Kizzier, 598 F.2d at 1132). The existence of such authority, irrespective of whether that authority is actually exercised, is determinative. Id. Liability is not confined to the person with the greatest control. Id. at 1033. Thus, even if a business manager has more day-to-day control, such fact will not insulate an otherwise responsible person from liability. Id. Here, plaintiff was the sole shareholder of the corporation, authorized by the bylaws to manage the business and affairs of the corporation. Appellant's App. at 107. He also had the power to borrow money for the corporation, id. at 67, 73, 256; he had check signing authority, id. at 81-83, 119-29; and he had the authority to order that business be suspended if the taxes could not be paid, id. at 71, 74, 254, 292. These indicia of authority are sufficient to establish plaintiff's status as a responsible party for Sec. 6672 purposes.
 
 
 10
 Plaintiff alternatively argues that, even if he was a responsible person, he did not willfully fail to pay over the withholding taxes. "Willfulness, in the context of section 6672, means a 'voluntary, conscious and intentional decision to prefer other creditors over the Government.' " Denbo, 988 F.2d at 1033 (quoting Burden, 486 F.2d at 304). Willfulness is present whenever a responsible person " 'acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes.' " Olsen v. United States, 952 F.2d 236, 240 (8th Cir.1991) (quoting Hartman v. United States, 538 F.2d 1336, 1341 (8th Cir.1976)). Proof of willfulness does not require proof of bad motive. Burden, 486 F.2d at 304. It is the burden of the responsible person to show that he did not willfully fail to remit taxes. Olsen, 952 F.2d at 239.
 
 
 11
 Plaintiff makes two major arguments in support of his contention that he did not willfully fail to forward taxes. First, he argues that he did not learn of the tax liabilities for the last quarter of 1988 and the first quarter of 1989 until May or June of 1989. Therefore, he contends, he could not have willfully failed to pay the taxes from those earlier quarters. Plaintiff misunderstands the scope of a responsible person's duty upon learning of a tax default.
 
 
 12
 Plaintiff was a responsible person for Sec. 6672 purposes during all of the quarters Graystone failed to remit withholding taxes to the IRS. See Kizzier, 598 F.2d at 1134. As such, once he learned of the delinquency, plaintiff was obligated to apply unencumbered corporate funds to pay the tax liabilities for the two delinquent quarters as well as any future quarters. See id. at 1132-33; Purdy Co. v. United States, 814 F.2d 1183, 1188 (7th Cir.1987).
 
 
 13
 Plaintiff quotes Slodov v. United States, 436 U.S. 238, 254, 98 S.Ct. 1778, 1788-89, 56 L.Ed.2d 251 (1978), to argue against this result. See Appellant's Br. at 22. The passage quoted by plaintiff, however, has been held to excuse payment only by those who become responsible persons after withheld tax monies have been spent and after corporate funds have been dissipated. See Kizzier, 598 F.2d at 1134; Mazo v. United States, 591 F.2d 1151, 1153-54 (5th Cir.), cert. denied sub nom. Lattimore v. United States, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). "Slodov does not relieve a 'responsible person' of the responsibility to reduce accrued withholding tax liability with funds acquired after the funds actually withheld have been dissipated so long as the person responsible has been so throughout the period the withholding tax liability accrued and thereafter." Garsky v. United States, 600 F.2d 86, 91 (7th Cir.1979) (emphasis added). Therefore, plaintiff's argument that he is not liable for the last quarter of 1988 and the first quarter of 1989 because he did not know of the outstanding tax liabilities until those quarters had passed is without merit.[1] As in Garsky, plaintiff's decision here to pay creditors of Graystone after he learned that withholding taxes were owing to the government was conscious and intentional, see Garsky, 600 F.2d at 91, and was, therefore, willful.
 
 
 14
 Plaintiff's second major argument to refute a finding of willfulness centers around a payment agreement between the corporation's general manager and the IRS. The existence of an agreement between the IRS and Graystone, however, cannot shield plaintiff from liability under Sec. 6672. The liability of the corporation is separate and distinct from plaintiff's liability to collect and pay over withholding taxes. Olsen, 952 F.2d at 241. Only if plaintiff can establish that the agreement specifically provided that he, individually, would be held harmless can the presence of the agreement relieve him of personal liability. See Monday v. United States, 421 F.2d 1210, 1218 (7th Cir.), cert. denied, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); Bowlen v. United States, 90-2 U.S.T.C. (CCH) p 50,409, 1990 WL 118755, at * 2, 4 (S.D.Ind.1990), aff'd, 956 F.2d 723 (7th Cir.1992). Plaintiff has introduced no evidence that the agreement with the IRS absolved him of personal responsibility to pay over the taxes. Because plaintiff has failed to make a showing sufficient to establish this essential element, the entry of summary judgment against him was proper. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
 
 
 15
 Plaintiff argues that this court should recognize the existence of a "reasonable cause" defense to liability under Sec. 6672. The courts are split on whether this defense is viable. Olsen, 952 F.2d at 241 (citing C.T. Drechsler, Annotation, Construction, Application, and Effect, With Respect to Withholding, Social Security, and Unemployment Compensation Taxes, of Statutes Imposing Penalties for Tax Evasion or Default, 22 A.L.R.3d 8, 88-89 (1968 & Supp.1991)). The defense, however, appears inconsistent with this circuit's insistence that (bad) motive is not a pertinent inquiry under Sec. 6672. See Burden, 486 F.2d at 304; see also Scott v. United States, 702 F.Supp. 261, 265 (D.Colo.1988) (Burden implicitly rejects reasonable cause exception); Gray v. United States, 586 F.Supp. 1127, 1131 (D.Kan.1984) (same). Even if such an exception were recognized by this circuit, it would not apply here because the agreement upon which plaintiff relies did not operate with regard to his personal liability and, therefore, would not provide a reasonable cause for nonpayment.[2]
 
 
 16
 Finally, we reject plaintiff's attempt to estop the government under these circumstances. It is unclear whether estoppel can even be invoked against the government. Penny v. Giuffrida, 897 F.2d 1543, 1546 (10th Cir.1990). At a minimum, estoppel against the government is disfavored when its application "thwarts enforcement of the public laws." Trapper Mining, Inc. v. Lujan, 923 F.2d 774, 781 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). In any event, resort to estoppel under the facts of this case would be clearly inappropriate.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Plaintiff cites Platt v. United States, 519 F.Supp. 203, 209 (N.D.Ill.1981), and Hoeniger v. United States, 1976 WL 988, at * 5 (S.D.N.Y. Jan. 6, 1976), to support his lack of knowledge argument. Those cases, however, are not dispositive. The reference in Platt to a timing issue is broad dicta going to the general requirement that a responsible person have knowledge that withholding taxes are in arrears; the reference in Hoeniger recites one of the taxpayer's contentions in that case and is not central to the result. Godfrey v. United States, 748 F.2d 1568 (Fed.Cir.1984), is also inapposite because, in that case, the delinquent taxes were paid in full after the taxpayer learned of the default, and there was no evidence that he ever knew of later defaults. Id. at 1577
 
 
 [2]
 McCarty v. United States, 437 F.2d 961, 194 Ct.Cl. 42 (1971), cited by plaintiff, has been limited to situations where the government has actively prevented the responsible person from paying over the withheld taxes. See Calderone v. United States, 799 F.2d 254, 257 (6th Cir.1986); Cooper v. United States, 539 F.Supp. 117, 122 (E.D.Va.1982), aff'd, 705 F.2d 442 (4th Cir.1983). The existence of an agreement between the IRS and Graystone did not actively prevent plaintiff from paying the taxes