13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CBC, INC.; Lynell G. Skarda, Langdon L. Skarda, Kent
Carruthers, Institution-Affiliated Parties of CBC,
Inc., Petitioners,
v.
BOARD OF GOVERNORS OF THE FEDERAL BOARD OF RESERVE SYSTEM, Respondent.
 No. 92-9572.
 United States Court of Appeals, Tenth Circuit.
 N
ov. 30, 1993.
 
 1
 Before LOGAN, SEYMOUR and MOORE, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 Petitioners, CBC, Inc., a one-bank holding company, and CBC officers-directors Lynell G. Skarda, Langdon L. Skarda, and Kent Carruthers, appeal the assessment of penalties by the Board of Governors of the Federal Reserve System (Board). The Board imposed the penalties against CBC and its officers and directors for failure to comply with a Board reporting requirement of filing a certified financial report for the year 1988. Petitioners unsuccessfully challenged the validity of this reporting requirement in CBC, Inc. v. Board of Governors of the Federal Reserve System, 855 F.2d 688 (10th Cir.1988), cert. denied, 489 U.S. 1096 (1989). After our decision in that appeal, petitioners continued in noncompliance with the reporting requirement, and the Board issued notices of assessment of civil money penalties of $10,000 each against CBC and Lynell Skarda, and $5000 each against Langdon Skarda and Kent Carruthers. An administrative law judge heard oral arguments and recommended the penalties be assessed. The Board adopted the ALJ's opinion and assessed the recommended penalties. The instant appeal is from that order.
 
 
 3
 Petitioners raise three arguments that we think are worthy of response.[2] First they ask us to reconsider our decision in CBC, Inc., 855 F.2d at 688. A panel of this court is bound by a prior decision of another panel and only the in banc court can overturn the earlier decision. We note that in banc review was denied in the earlier case, and the United States Supreme Court denied certiorari. The prior decision stands as law of the case and res judicata on the issues petitioners ask us to reconsider; it affirms the power of the Board to issue the regulation and to order the compliance complained of in this appeal.
 
 
 4
 Petitioners next urge that there is no factual or legal basis for the imposition of penalties against them under the circumstances of this case. They make only two arguments here that we deem worthy of noting. Petitioners argue that the Board should be estopped from asserting penalties because the Board waived the certification requirement for earlier years to which the bank was subject. "It is unclear whether estoppel can even be invoked against the government." Muck v. United States, 3 F.3d 1378, 1382 (10th Cir.1993). Although the Supreme Court has implied there may be a case in which estoppel might be used against the government, see Heckler v. Community Health Services, 467 U.S. 51, 60-61 (1984), this is not such a case.
 
 
 5
 Parties asserting estoppel must show, inter alia, that they reasonably relied on "a definite misrepresentation of fact" by the party to be estopped. Heckler, 467 U.S. at 59 (quoting Restatement (Second) of Torts 894(1) (1979)). In the instant case, the Board made no misrepresentation of fact that the Board would waive the certification requirement in 1988. Each waiver of the certificate requirements pursuant to petitioners' express request was limited to a particular year and specifically stated that such waiver did not waive filing in the future. See I R. doc. 26, 1/2 1/28, 14, 16. Petitioner's estoppel argument is not well taken.
 
 
 6
 Petitioners also assert that they had no obligation to file a certified financial report as long as they were litigating the validity of the requirement through the Supreme Court's denial of certiorari in 1989. With respect to this argument we note that this court affirmed the power of the Board of Governors by a decision dated August 30, 1988, during the 1988 year at issue. See CBC, Inc., 855 F.2d at 688. No stay of that decision was obtained by petitioners. The case stood as law binding upon the petitioners unless reversed by the Supreme Court. By its denial of certiorari the Supreme Court allowed our ruling to stand. Petitioners have no excuse for the admitted failure to file.
 
 
 7
 Finally, petitioners argue that the monetary penalties imposed upon them are arbitrary, capricious, and an abuse of discretion in violation of 12 U.S.C. 1847(b)(2) as it read before a 1989 amendment. In reviewing the reasonableness of penalties assessed by regulatory agencies, courts must give considerable deference to agency determinations. See Akin v. Office of Thrift Supervision, 950 F.2d 1180, 1183 (5th Cir.1992). We will not disturb the penalties ordered unless we find they are "unwarranted in law or without justification in fact." Chapman v. United States Dep't of Health and Human Servs., 821 F.2d 523, 529 (10th Cir.1987) (citing Butz v. Glover Livestock Comm'n Co., 411 U.S. 182, 185-86 (1973)).
 
 
 8
 We have no difficulty affirming the Board's action assessing these penalties. Under the statute as it then existed petitioners were subject to fines of up to $1000 per day.[3] The penalties assessed are modest when compared to the cost of the audit required by the FR Y-6 Form. The Board was entitled to levy penalties sufficient to capture petitioners' attention and to insure compliance in future years.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We strongly disapprove of the unprofessional comments included in Petitioners' Brief in Chief, e.g., at pages 5 and 15. Such "arguments" have no place in an appellate brief and are especially unseemly coming from a lawyer who clerked for a judge of this circuit. See II R. tab 41 at 37
 
 
 [3]
 These amounts have been increased by legislation applicable to conduct engaged in after August 1989 to $20,000 per day for intentional failure to report. 12 U.S.C. 1847(d)(2)