**UNITED STATES COURT OF APPEALS**
**Filed 10/13/95**
**TENTH CIRCUIT**

RICKY CARLTON DEAN, SR.,

      Plaintiff - Appellant,

    v.

TED HAMBLIN; SAN JUAN COUNTY
COMMISSIONERS; BOBBY YATES, Lt.;
BIRDIE LACOSTIC, Lt.; HAL
STEINBAGEL, Sgt.,

      Defendants - Appellees.

No. 95-2088

D. New Mexico

(D.C. No. CIV 94-0267 JP/WWD)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Ricky Carlton Dean, Sr., brought this in forma pauperis pro se lawsuit under 42 U.S.C. § 1983, alleging that defendants, officials of the San Juan County Detention Center ("detention center") violated his civil rights under the Eighth and Fourteenth Amendments. He appeals the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

district court's summary judgment against him, contending that the court erred in dismissing his complaint and not allowing the action to proceed to jury trial, and that the court was prejudiced because of the nature of his crimes. We affirm.

We review a grant of summary judgment de novo. Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 781 (10th Cir. 1995). Applying the same legal standards used by the district court under Fed. R. Civ. P. 56(c), we determine if any material fact is disputed; if not, we determine if the district court correctly applied the substantive law. Muck v. United States, 3 F.3d 1378, 1380 (10th Cir. 1993). We review the record in the light most favorable to the nonmoving party; however, that party cannot rest on the pleadings as to those matters for which it carries the burden of proof, but must set forth specific facts showing there is a genuine issue for trial. Id. Although we liberally construe a pro se plaintiff's pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we will not supply additional facts, nor will we construct a legal theory. Dunn v. White 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The undisputed facts indicate that Dean was confined at the detention center for two periods--as a pre-trial detainee from June 24 through November 13, 1992, and as a convicted person awaiting sentencing and transport from November 14 through December 17, 1992, and again from February 18 through October 7, 1993. Appellant's Br. at 2. Upon his first arrival at the detention center, Dean was examined by a medical doctor who placed him on the "No Gym List" because of lower back pain and an ulcer. Id. On subsequent medical evaluations, the doctor continued the general "No Gym" prescription, although he allowed Dean to participate in

limited gym activities after November 4. R. Vol. I, Tab 23 at 7-8, Tab 24 at 11. At the beginning of Dean's second incarceration, the doctor again examined him and advised that he could go to the gym so long as he did not need muscle relaxers. Id.

In his amended complaint Dean alleged that he was allowed an average of only one hour per week of outdoor or indoor exercise, and that there were some two or three week periods when no exercise was allowed. R. Vol. I, Tab 4 at 2. After the defendants answered, the district court ordered them to submit a Martinez Report. See Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). The court's order further provided that it might use the report in deciding whether to grant summary judgment, and it provided that Dean would have twenty days to respond to the report. R. Vol. I, Tab 21 at 2, 4.

In their Martinez Report the defendants stated that, subject to his medical restrictions, Dean "was not refused the opportunity to exercise or recreate at anytime while incarcerated." R. Vol. I, Tab 23 at 7. Additionally, defendants attached a single recreation record which revealed that, at least during the twenty-two day period covered, Dean was permitted approximately an hour of indoor gym and an hour of outdoor exercise a week. Id., Ex. G. In response, Dean "whole heartedly" disagreed with defendant's characterization of his exercise opportunities. Id., Tab 24 at 12. He did not dispute, however, the accuracy of the single recreation record, although he stated that such allowances were a "rarity."[1] Id. at 2-3. Similarly, while Dean conceded that it

---

[1]In his brief to us, Dean also notes that the exercise opportunities depicted in this recreational record do not satisfy the exercise level which is set out in defendants' expressed general policies. Contrary to Dean's assertion, this discrepancy does not create a prima facie constitutional violation. See Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (limiting the circumstances in which prison regulations will create independent liberty interests apart from the

(continued...)

was possible to walk in his cell and pod area, Id., at 7, but complained that such exercise was not equal to that allowed other inmates.[2] Id. at 10. Additionally, he attached affidavits of fellow inmates which indicated that, during some periods of two to three weeks, no opportunity for exercise was offered. Id., Affidavits of Timothy Hall and Rodney Brock. Furthermore, regarding his medical problems, Dean stated that "[d]efendants were concerned that if Plaintiff injured himself while being physical that they would be liable." Id. at 12.

In its sua sponte grant of summary judgment, the district court treated Dean's amended complaint and further pleadings as a claim about medical treatment involving a "dispute over Defendants' judgment in denying him gymnasium privileges." R. Vol. I, Tab 27 at 2. Whether the action is viewed as a claim concerning prison medical care, or as a claim concerning conditions of confinement, an action for constitutional violation may be sustained only if the alleged deprivation is sufficiently serious (the objective test), and the defendants acted with "deliberate indifference" (the subjective test). Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). These standards apply to both pretrial detainees and convicted prisoners. Howard v. Dickerson, 34 F.3d 978, 980 (10th Cir. 1994)

---

[1](...continued)
Due Process Clause).

[2]To the extent that this statement, together with a similar isolated statement in Dean's brief to us, could be viewed as a denial of equal protection, we note that Dean's conclusory allegations establish no factual basis for such a claim. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). Dean makes no assertion that he is a member of any protected class, that actions were directed at him due to a protected classification, that any fundamental right was implicated, or, in any event, that the medical limitations were not rationally related to a legitimate government interest. See id. at 971.

("The constitutional protection against deliberate indifference . . . applies to pretrial detainees through the due process clause of the Fourteenth Amendment."). Deliberate indifference requires a showing that the prison official knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).

As noted, Dean disputed portions of the Martinez Report.[3] Even if we accept Dean's facts as true, we find no constitutional violation in this case. Rather, we agree with the district court's conclusion that Dean's action fails because the admitted facts do not support the subjective requirement of "deliberate indifference." To the contrary, Dean admits that the defendants' purpose in restricting his participation in general sports activities was to guard against aggravation of his existing medical problems, pursuant to medical advice.[4] See R. Vol. I, Tab 24 at 12. The defendants' adherence to the medical directives they received does not demonstrate deliberate indifference. Accordingly, we find no error in the district court's grant of summary judgment.

---

[3]Since the disputed facts were not material to the basis upon which summary judgment was properly granted, we need not consider whether Dean's responsive filings satisfy Fed. R. Civ. P. 56(e).

[4]In his brief to us, Dean also complains that there were constitutional violations because he was unable to refuse the medical limitations. Appellant's Br. at 4-5. While Dean's assertion that "[c]ompetent adults have the right to determine what shall be done to their own bodies," id. at 5, may be a correct general proposition, in a prison setting there are obvious limitations. Thus, prison officials have a constitutional duty to provide medical care to inmates. Estelle, 429 U.S. at 103. Moreover, a "difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981).

As his second claim of error, Dean argues that his action should have been allowed to proceed to jury trial. This claim is no more than a restatement of his first claim, that summary judgment was improper, and it fails for the same reason. However, Dean further complains that the district court should not have considered his medical limitations which were not an issue in his complaint. In fact, Dean's medical condition was properly before the court, both through the <u>Martinez</u> Report and Dean's response to it.

Finally, Dean claims that the judge was impermissibly prejudiced by the nature of the crimes for which he was convicted, <u>i.e.</u>, criminal sexual penetration of a minor and criminal sexual contact with a minor. Thus, he contends that his complaint was dismissed without any regard for the merits raised. As his only support and authority for this claim, Dean states that this Court "is well aware of the bias felt toward individuals with these type of charges." Generally, we do not address arguments that are unsupported by citation to any authority. <u>Brownlee v. Lear Siegler Mgmt. Servs. Corp.</u>, 15 F.3d 976, 977-78 (10th Cir.), <u>cert. denied</u>, 114 S. Ct. 2743 (1994). However, inasmuch as we have already held that the district court properly applied the law in its grant of summary judgment, we reject this final unsubstantiated argument on the merits. To the extent that any of Dean's conclusory arguments claim relief on any other basis, we reject them for the same reason.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge