**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 1/3/96**

---

ERSKINE C. RAGLAND,

      Plaintiff - Appellant,

      v.

ROY ROMER, Governor of the State of
Colorado; ARISTEDES ZAVARAS, Executive
Director of Colorado Department of Corrections;
FRANK RICE, Warden of the Denver Reception
and Diagnostic Center; INVESTIGATION,
COLORADO, BUREAU OF, Director of, John
Doe (1), John Doe (2), John Doe (3), John Doe
(4), individually and in their official capacity,

      Defendants - Appellees.

No. 95-1282

D. Colorado

(D.C. No. 95-K-11)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BALDOCK**, and **BRORBY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of the court's General Order filed November 29, 1993. 151
F.R.D. 470.

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Erskine C. Ragland brought this in forma pauperis pro se lawsuit under 42 U.S.C. § 1983, alleging various defendants violated his civil rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments when he and another inmate were singled out to give a saliva sample for DNA testing.  The district court referred Ragland's complaint to a United States magistrate judge, who recommended that the district court grant defendant Zavaras' motion for summary judgment and dismiss, with prejudice, Ragland's complaint against the other defendants.  The district court adopted the magistrate judge's recommendation, and dismissed Ragland's case.  We affirm.

We review a grant of summary judgment de novo.  Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 781 (10th Cir. 1995).  Applying the same legal standards used by the district court under Fed. R. Civ. P. 56(c), we determine if any material fact is disputed; if not, we determine if the district court correctly applied the substantive law.  Muck v. United States, 3 F.3d 1378, 1380 (10th Cir. 1993).

The undisputed facts indicate that on January 10, 1994, Ragland was taken to the prison medical center for tests with other inmates.  The inmates proceeded together through the various medical stations until Ragland and Jeffrey Strom, another inmate, were singled out for a DNA test, which consisted of putting paper in their mouths for saliva samples.  Strom and Ragland, convicted sex offenders, were singled out, pursuant

to Colo. Rev. Stat. § 17-2-201(5)(g)(I), because only sex offenders are required to take this particular test. The DNA analysis is used to detect and deter the commission of crimes by recidivists by creating a databank of convicted sex offenders before they are paroled.

On appeal, Ragland reasserts that his constitutional rights were violated and argues that default judgments as to Roy Romer and J. Frank Rice were improperly denied. We have carefully reviewed the record and affirm the dismissal substantially for the reasons set forth in the district court's Order filed on June 20, 1995, and the magistrate judge's Recommendation filed on May 8, 1995. In addition, however, Ragland contends that the district court failed to address his Eighth Amendment claim. We accordingly address that contention.

Ragland argues that by singling him out as a sex offender to other inmates, the defendants acted with deliberate indifference to his safety. There are two primary requirements for proving an actionable violation of the Eighth Amendment. First, an inmate must demonstrate that the deprivation suffered was "objectively, 'sufficiently serious.'" Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the inmate must establish that prison officials had a "sufficiently culpable state of mind" in allowing the deprivation to take place. Id. (quoting Wilson, 501 U.S. at 302-03). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. Thus, for the defendants

to be held liable, they "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw that inference." Id. at 1979.

In his complaint, Ragland contended that the defendants "exposed plaintiff to verbal and physical abuse from other prisoners thereby endangering his well being and life. This continues to date." R. Tab 3, Complaint at 23. In Ragland's pleadings, he argued that "it is common knowledge within the prison community that inmates convicted of sex offenses are at least subject to the contempt and derision from the other inmates." R. Tab 32, Br. in Opp'n to Mot. to Dismiss and/or for Summ. J. at 9-10. In an affidavit presented by Ragland, he alleged threats and name calling, but no physical harm. R. Tab 33, Aff. in Supp. of Opp'n to Mot. to Dismiss and/or for Summ. J. at 3. Courts have consistently held that acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment. See, e.g., Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979); Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); McFadden v. Lucas, 713 F.2d 143, 146-47 (5th Cir.), cert. denied, 464 U.S. 998 (1983); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973).

Ragland also failed to present any evidence establishing that the defendants actually knew of and disregarded an excessive risk to inmate health or safety. See Farmer, 114 S.Ct. at 1979. Notwithstanding our obligation to construe pro se pleadings

- 4 -

liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we will not supply additional facts.  Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A party opposing summary judgment must present more than conclusory allegations to establish the existence of a genuine issue for trial.  Setliff v. Memorial Hosp., 850 F.2d 1384, 1392 (10th Cir. 1988) (citing McKibben v. Chubb, 840 F.2d 1525, 1528 (10th Cir. 1988)); see also Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir. 1993) (vague, conclusory allegations are insufficient to form the basis for a § 1983 cause of action).  Thus, even if we accept Ragland's facts as true, we find no Eighth Amendment violation in this case because, among other deficiencies, the admitted facts do not support the subjective requirement of "deliberate indifference."  The defendants' adherence to the mandates of a Colorado statute, legitimately aimed at detecting and deterring crime, does not demonstrate the requisite mens rea.

The Order is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge