**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VALERIE NINA PARKER,

      Plaintiff-Appellant,

v.

CATHOLIC CARE LIFE CENTER,

      Defendant-Appellee.

No. 99-3093
(D.C. No. 97-CV-1134-MLB)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Valerie Nina Parker brought this action against her former employer, Catholic Care Center (the Center) under 42 U.S.C. §§ 2000e *et seq.*, Title VII, alleging that the Center discriminated on the basis of race in the manner by which it suspended her employment. The district court granted summary judgment for the Center. Ms. Parker appeals, claiming that the Center's stated reasons for its action were a pretext for discrimination and that the district court was biased against her because she appeared pro se. We affirm.

In reviewing the grant of a motion for summary judgment, we apply the same standard as the district court. *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). In assessing whether summary judgment is proper, we view the record in the light most favorable to the non-moving party. *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991). However, once the party seeking summary judgment has supported its motion, the non-moving party, the plaintiff here, cannot rest on mere allegations but must present evidence of specific facts to support her assertions. *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir. 1993). Viewed in the light most favorable to Ms. Parker, the record reveals the following facts, many of which are undisputed.

Ms. Parker, who is African-American, worked part-time as a certified nursing assistant at the Center, which provides services for residents who are unable to care for themselves. Ms. Parker became increasingly dissatisfied with her employment at the Center during the period before the events giving rise to this lawsuit took place, and her working relationship with her supervisors deteriorated markedly. Ms. Parker's recitation of this relationship itself reveals that she was admittedly insubordinate and uncooperative.

On October 11, 1996, one of Ms. Parker's coworkers, who is also African-American, reported to Ms. Parker's supervisor that Ms. Parker had physically abused two patients. It is undisputed that the Center's policy was to require the employee in question to leave the facility and to suspend the employee pending an investigation of the complaint. Center personnel discussed the incident the following day, and decided to suspend Ms. Parker and to have the local police on standby when Ms. Parker was to be informed of the complaint and suspension and asked to leave. That night when Ms. Parker arrived for work, her supervisor asked to speak with her privately. Ms. Parker refused, stating that the discussion could be held in front of her coworkers. The supervisor again said it was a private matter and Ms. Parker again refused a private discussion and began talking loudly. The supervisor left to get the police, who escorted Ms. Parker from the Center. The supervisor walked down the hall with Ms. Parker as she

-3-

left, explaining that she was being suspended because an abuse report had been received.

Earlier that month, Ms. Parker had interviewed for and accepted a job with another health care facility, and she never returned to the Center or inquired about her employment status there. She began work at her new position at the end of the month. The new employment was full-time and at a higher rate of pay.

Ms. Parker does not contend that her suspension itself was racially motivated. Rather she asserted below and continues to argue on appeal that the Center's decision to have the police escort her from the premises was based on her race. The district court concluded that Ms. Parker had offered no direct evidence of discrimination to support this claim. The court further held that she had failed to make out a claim by circumstantial evidence under the framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), holding that she had failed to show a prima facie case of discrimination because she had offered no evidence she was treated less favorably than other similarly situated non-minorities.

We have carefully reviewed the record and the reasoning and authorities relied on by the district court, and we affirm substantially for the reasons set out in the court's ruling. Our search of the record has revealed no evidence, other than Ms. Parker's completely unsupported assertion, that the Center used the

police as standby only in incidents involving blacks. The Center presented numerous affidavits to the effect that its policy was to use the local police whenever the Center believed that their presence would be helpful, and that they were used without regard to the race of the people involved.[1] To create a genuine issue of fact, Ms. Parker must present more than an unsupported assertion; she must come forward with some evidence to support her claim. This she did not do and summary judgment was therefore proper.

Ms. Parker asserts for the first time on appeal that the district court was biased against her because she appeared pro se. The Center argues that Ms. Parker may not raise this issue for the first time on appeal and we agree. *See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan*, 11 F.3d 1567, 1571 (10th Cir. 1993). We observe in any event that rather than being biased against Ms. Parker on the basis of her pro se status, the district court gave her greater leeway than afforded to parties represented by counsel. The court overlooked procedural defaults, construed her claims broadly, and searched the record for material in support of them. Accordingly, we would find no basis for this claim even if it were properly before us.

---

[1] The Center argues on appeal that use of the police under these circumstances is not an adverse employment action under the *McDonnell Douglas* framework. Because the record contains no evidence that the use of the police here was racially motivated, we do not address this argument.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge